UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J. MICHAEL GLOVER and MMD INVESTMENTS
LIMITED PARTNERSHIP, a Nevada limited
partnership,

       Plaintiffs,

vs.                                                                            No. 99-CIV-1291 BB/WWD

WADE BRUCE COOK; WADE COOK SEMINARS,
INC., a Nevada corporation; WADE COOK
FINANCIAL CORPORATION, a Nevada corporation;
MONEY CHEF, INC.; the WADE B. COOK and
LAURA M. COOK FAMILY TRUST; and the COOK
FAMILY TRUST,

       Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of Defendants' motion to dismiss one Plaintiff, MMD Investments ("MMD"), for fraudulent joinder (Doc. 2), as well as Plaintiffs' motion to remand (Doc. 6). The Court has considered the submissions of the parties and the applicable law. As discussed below, the Court determines remand of this matter is appropriate. Accordingly, the Court will deny the motion to dismiss MMD as a Plaintiff, and will grant the motion for remand.

The parties' positions in this matter are straightforward. Defendants maintain MMD, the only Nevada-based Plaintiff, did not exist at the time Defendants made the misrepresentations and committed the other wrongful acts alleged by Plaintiffs. Therefore, Defendants argue, MMD can have no cause of action against them and should not have been joined in this case as Plaintiff. If

MMD is dismissed as Plaintiff, diversity jurisdiction would exist and removal of this action to federal court would be proper. Plaintiffs, on the other hand, argue MMD is a limited partnership purchased from Defendants, created in Nevada on advice of Defendants, and created as an investment vehicle to put into practice the fraudulent or otherwise wrongful investment information and advice provided by Defendants. Plaintiffs claim MMD, as a partnership, suffered at least some of the investment losses alleged in the complaint, and therefore has a potential cause of action against Defendants. If Plaintiffs' position is correct, diversity jurisdiction does not exist, removal of this case was not proper, and the case should be remanded to state court.

Federal courts are courts of limited jurisdiction, and removal statutes are to be construed strictly. *See Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998). Any doubt as to the propriety of removal should be resolved in favor of remand. *See id.* Defendants, as the party asserting jurisdiction, have the burden of proving all jurisdictional facts and of establishing a right to removal. *See id.* In particular, when a defendant alleges fraudulent joinder of another defendant, that defendant faces a heavy burden -- the defendant must show the plaintiff cannot possibly recover against the diversity-destroying defendant. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Since Defendants in this case allege fraudulent joinder of a plaintiff, not a defendant, the standard is reversed and Defendants must show Plaintiff MMD could not possibly recover against any of the Defendants. In analyzing a claim of fraudulent joinder, this Court must resolve all issues of contested fact and law in the light most favorable to the plaintiff. *See Hartley; Burden*. Also, in the Tenth Circuit, a court reviewing a claim of fraudulent joinder may "pierce the pleadings" and examine material in addition to the complaint. *See Smoot v. Chicago, Rock*

*Island and Pacific R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999) (allowing consideration of affidavit filed by plaintiff following removal of the action from state court).

As Defendants point out, most of the allegations in Plaintiffs' complaint concern Plaintiff Glover rather than Plaintiff MMD. However, in paragraph 2, Plaintiffs aver that MMD was established for investing "based on Defendants' seminars." Also, in paragraph 43, Plaintiffs alleged investment losses of $204,000, both in Glover's name directly and through his limited partnership, MMD. Furthermore, Glover submitted an affidavit in support of his motion for remand. In that affidavit Glover states that he purchased MMD from Defendants, that Defendants recommended he do his investing through MMD and other entities purchased from Defendants, and that he suffered many of the investment losses alleged in his complaint through MMD.

These assertions, if proved, would establish that Defendants knew Glover planned to invest through MMD, encouraged him to do so, committed fraudulent misrepresentations concerning the investments that were to be made through the limited partnership, and encouraged Glover to rely on those fraudulent misrepresentations in the investments he made through MMD. In other words, viewing the factual assertions in the light most favorable to Plaintiffs, as the Court must, it was entirely foreseeable to Defendants that both Glover and MMD, and not just Glover individually, would rely on the misrepresentations alleged by Plaintiffs, and that both would suffer harm as a result. This is so even though MMD was not officially created until after the alleged fraud and misrepresentations had occurred. Therefore, it is entirely possible that MMD, as a separate legal entity, will be able to successfully maintain its claims of negligent misrepresentation, fraud, or other causes of action against one or more of the Defendants, for investment losses

suffered by MMD. *See Loucks v. Albuquerque Nat'l Bank*, 418 P.2d 191, 197-98 (N.M. 1966); *see also* Restatement (Second) of Torts § 533 (1977) (maker of a fraudulent representation is subject to liability for pecuniary loss to a third party who acts in justifiable reliance on the misrepresentation, if the maker of the misrepresentation intends or has reason to expect that its terms will be repeated or its substance communicated to the third party); NMRA 2000, 13-1632 and 13-1633 (uniform jury instructions for negligent misrepresentation and fraud).[1]

Depending upon the nature of the alleged representation and its timing, both a partner and the partnership may have a claim against third parties. *See Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 242-43 (5th Cir. 1993). The Texas Court of Appeals recently applied this rule to the contention that only the subsequently-formed partnership, rather than the individual partner, had standing to assert misrepresentation claims. In *Clary Corp. v. Smith*, 949 S.W.2d 452, 461-62 (Tex.Civ.App. 1997), that court recognized that although the partnership asserted claims based on the Texas Deceptive Trade Practices Act and breach of contract, the individual partner had standing to bring claims for the damage he incurred by relying on the defendant's misrepresentations in establishing the partnership and investing in it. The same logic applies to reversed facts in the case at bar.

---

[1]Defendants contend Plaintiffs have never claimed that MMD suffered losses, and argue that without such losses MMD cannot have a cause of action. Plaintiffs alleged, however, that Glover lost money both directly and through investments made through MMD. The plain meaning of this assertion is that Glover contributed money to MMD, which then invested it and incurred losses. In fact, it is possible MMD is the only entity that will be able to recover investment losses incurred on the investments Glover made through MMD. *See GcM, Inc. v. Kentucky Cent. Life Ins. Co.*, 947 P.2d 143, 148 (N.M. 1997) (partner cannot bring claim that belongs to partnership). Therefore, the complaint sufficiently alleges harm suffered by MMD as well as Glover.

Plaintiffs have requested an award of attorney's fees and costs incurred in obtaining this remand decision. A plaintiff may be awarded such fees and costs, even in the absence of bad faith or improvident removal, if the removal was improper ab initio. *See Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). Plaintiffs' complaint clearly alleges that MMD is a limited partnership established for investing on the basis of Defendants' seminars. The complaint also clearly alleges that at least a portion of the total investment losses suffered by Glover were from investments made through MMD, rather than Glover individually. Furthermore, Defendants have not contradicted the assertion that Glover purchased MMD from one of the Defendants, and did not simply create MMD without the knowledge of any Defendant.[2] From this information, Defendants should have been readily able to deduce that, according to Plaintiffs' allegations, MMD was a foreseeable and intended recipient of the investment information and advice provided in Defendants' seminars, suffered investment losses as a result of reliance on that information and advice, and is a proper Plaintiff in this action. *See* Restatement, § 533. Therefore, the Court will find the removal of this case was improper ab initio, and will grant Plaintiffs' request for attorney's fees and costs incurred as a result of the removal.

**CONCLUSION**

Based on the foregoing, the motion to dismiss MMD as a Plaintiff will be denied, and the motion to remand this case will be granted. Plaintiffs shall submit a short, itemized request for attorney's fees and costs, with supporting affidavits and time records, within fifteen days of the

---

[2] It seems reasonable that a simple search of Defendants' records, if the records are at all comprehensive, would have revealed this fact to Defendants prior to the filing of the removal petition.

date of this opinion and order. Defendants shall then have fifteen days to respond to Plaintiffs'

request.


DATED March 27, 2000.

```
                                        _____
                                        BRUCE D. BLACK
                                        UNITED STATES DISTRICT JUDGE
```

**ATTORNEYS**

**For Plaintiffs**
James S. Helfrich
Miles M. Gersh
Gersh & Helfrich, LLP
1775 Sherman Street, Suite 1650
Denver, Colorado 80203

Robert M. St. John
Rodey, Dickason, Sloan, Akin & Robb, PA
P.O. Box 1888
Albuquerque, New Mexico 87103

**For Defendants**
Christopher P. Bauman
Alberto A. Leon
Bauman & Dow, P.C.
P.O. Box 30684
Albuquerque, New Mexico 87106