**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

J. MICHAEL GLOVER and
MMD INVESTMENTS LIMITED
PARTNERSHIP, a Nevada limited
partnership,

        Plaintiffs,

v.                                              No. CIV 99-1291 BB/WWD

WADE BRUCE COOK; WADE
COOK SEMINARS, INC., a Nevada
corporation; WADE COOK
FINANCIAL CORP., a Nevada
corporation; MONEY CHEF, INC.;
the WADE B. COOK and LAURA
M. COOK FAMILY TRUST; and
the COOK FAMILY TRUST,

        Defendants.

**MEMORANDUM OPINION
AND
ORDER DENYING REHEARING
AND
ESTABLISHING ATTORNEYS' FEES**

THIS MATTER is before the Court on Defendants' *Motion for Reconsideration* [#26] of the Court's award of attorneys' fees and costs, and the

**Court having reviewed the briefs and other submissions of counsel, FINDS the motion without merit and it will be Denied.**

### *Discussion*

#### *Motion for Rehearing*

**Plaintiff sued Defendants for losses resulting from alleged misrepresentations relating to investments. Defendants moved to dismiss MMD Investments ("MMD"), a Nevada limited partnership, and remand for lack of diversity. The Court recognized that while MMD had not yet been organized at the time of Defendants' seminar, it was Defendants who encouraged the individual Plaintiff, J. Michael Glover, to form a Nevada partnership and invest through such a vehicle. Moreover, the Court recognized Plaintiffs' assertions, if proved, would establish that Defendants knew Glover planned to invest through MMD, encouraged him to do so, committed fraudulent misrepresentations concerning the investments that were to be made through the limited partnership. If this were so, it was Defendants who encouraged Glover to rely on those fraudulent misrepresentations in the investments he made through MMD. (Mem. Op. at 3).**

**Defendants now move for reconsideration on the ground that "the limited partnership was *not* purchased from one of the defendants, but rather the Defendants provided advice to Plaintiff regarding the establishment of a Nevada limited partnership." (Mot. Recons. at 2). However, the Court's earlier opinion was not dependent upon the conclusion that Defendants sold Glover a Nevada limited partnership. Rather, as noted, "Defendants knew Glover planned to invest through MMD, encouraged him to do so," and "it was entirely foreseeable to Defendants that both Glover and MMD, and not just Glover individually, would rely on the misrepresentations alleged by Plaintiffs." The Kathleen Thompson affidavit attached to Plaintiffs' motion is not persuasive on this point. To the contrary, the attachment to the affidavit shows Defendants promoted their seminars by advising customers, "If you plan to set up a Nevada Corporation, Living Trust, Pension Plan, etc., bring your checkbook to make it happen."**

**A motion for reconsideration is appropriate only when the prior decision misapprehended the position of the parties or the law has changed significantly. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *Huff v. UARCO, Inc.*, 925 F. Supp. 550, 561 (N.D. Ill. 1996); *Williams v. Weber*, 905 F. Supp. 1502, 1514 (D. Kan. 1995). Defendants point**

3

to no new change of law and the Court adequately understood the underlying facts as well as the position of the parties.  The motion for rehearing should be denied.

### *Attorneys' fees*

Plaintiffs' counsel filed a verified request for attorneys' fees and costs.  They also listed their hourly billing rates applicable for the appropriate times.  While on the surface these rates appear appropriate to the Court, the Tenth Circuit has recently held, "the district court must award rates compatible with competent, trustworthy evidence of the market."  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).  *See also United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000).  An evidentiary hearing as to appropriate hourly rates in the market will therefore be scheduled.

### O R D E R

Defendants' motion for rehearing is DENIED, and the issue of attorneys' fees is set for hearing on *TUESDAY, JUNE 27, 2000, at 9:00 AM.*

**Dated at Albuquerque this 21st day of June, 2000.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiffs:**

Robert M. St. John, Rodey Law Firm, Albuquerque, NM
James S. Helfrich, Miles M. Gersh, Gersh & Helfrich, Denver, CO

**Counsel for Defendants:**

Christopher P. Bauman, Alberto A. Leon, Bauman & Dow, Albuq., NM